UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN A. JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-2681 AGF |
| | ) | |
| ST. LOUIS CITY JUSTICE CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this action brought pursuant to 42 U.S.C.§ 1983. After reviewing the financial information provided the Court will grant the motion to proceed in forma pauperis. 28 U.S.C. § 1915. However, plaintiff's amended complaint will be dismissed for frivolousness and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Amended Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Plaintiff has named the following as defendants in this action: the St. Louis City Justice Center; the City of St. Louis; the St. Louis Metropolitan Police Department; and the State of Missouri.

Plaintiff asserts that on January 19, 2011, he was arrested and charged with murder in the first degree and assault in the first degree, as well as two counts of armed criminal action in St. Louis City Court.

Plaintiff asserts that, in violation of the Fourth and Fourteenth Amendments to the United States Constitution, he was subjected to malicious prosecution, false imprisonment and false arrest because he was released from incarceration two years later on a *nolle prosequi*. Plaintiff claims that "a computer contained 64 voice recordings…of evidence of innocence to the St. Louis City Justice Center Courts on May 5, 2011 . . . [h]owever, no immediate process was initiated to restore life or liberty."

Plaintiff asserts that during his incarceration he suffered nerve damage to his right shoulder and hip. However, plaintiff has not provided any details as to how he suffered these injuries.

Plaintiff seeks monetary damages and expungement of his record.

## Discussion

Plaintiff's claims relating to his assertions under the Fourth and Fourteenth Amendment are barred by the five-year statute of limitations and are subject to dismissal. "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915 when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992). Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. *Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4).[1]

Additionally, plaintiff's claims against the St. Louis City Justice Center and the St. Louis Metropolitan Police Department are legally frivolous because these entities cannot be sued. *Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."). Furthermore, plaintiff's claims against the State of Missouri are also subject to dismissal, as the State of Missouri is absolutely immune from liability under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989).

Lastly, even if plaintiff's claims were not barred by the statute of limitations, plaintiff has not alleged that a policy or custom of the City of St. Louis was responsible for the alleged constitutional violations. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). As a result, the amended complaint fails to state a claim upon which relief can be granted.

Accordingly,

---

[1] In *Wallace v. Kato*, the United States Supreme Court held that the statute of limitations upon a § 1983 claim seeking damages for a false arrest/false imprisonment in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process. 549 U.S. 384, 397 (2007).

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process on plaintiff's complaint as it is legally frivolous and/or it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Dated this 4th day of December, 2017.

                                        AUDREY G. FLEISSIG
                                        UNITED STATES DISTRICT JUDGE